**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4567**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MICHAEL JOHN LUTHER GRIFFIN,

        Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Irene M. Keeley, Senior District Judge.  (1:13-cr-00072-IMK-MJA-1)

Submitted: January 18, 2019                 Decided:  February 11, 2019

Before DUNCAN and DIAZ, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Kristen M. Leddy, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Martinsburg, West Virginia, for Appellant.  Traci Michelle Cook, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael John Luther Griffin appeals the district court's judgment revoking his supervised release and imposing a sentence of 12 months in prison with no further supervised release. On appeal, Griffin's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal but questioning whether the district court erred in imposing a sentence of 12 months in prison. Griffin has filed a pro se supplemental brief raising additional issues. We affirm.

We review a district court's decision to revoke supervised release for abuse of discretion. *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (citation omitted). To revoke supervised release, a district court need only find a violation of a supervised release condition by a preponderance of the evidence. *See* 18 U.S.C. § 3583(e)(3) (2012). A defendant's possession of a controlled substance in violation of a supervised release condition that the defendant not commit another federal, state, or local crime during the term of supervision requires the district court to revoke the defendant's supervised release and impose a prison term. *See* 18 U.S.C. § 3583(d), (g)(1) (2012).

"We will not disturb a district court's revocation sentence unless it falls outside the statutory maximum or is otherwise 'plainly unreasonable.'" *Padgett*, 788 F.3d at 373 (citation omitted). In determining whether the sentence is reasonable, we are informed by the same procedural and substantive considerations that guide our review of original sentences, but we strike a more deferential appellate posture. *Id.* (citations omitted). The district court retains broad discretion to impose a term of imprisonment up to the statutory maximum. *Id.* (citations omitted). In exercising such discretion, the district

court "is guided by the Chapter Seven policy statements in the federal Guidelines manual, as well as the statutory factors applicable to revocation sentences under 18 U.S.C. §§ 3553(a), 3583(e)." *United States v. Webb*, 738 F.3d 638, 641 (4th Cir. 2013). We presume that a sentence within or below the recommended range is reasonable. *United States v. Gibbs*, 897 F.3d 199, 204 (4th Cir. 2018); *United States v. Zelaya*, 908 F.3d 920, 930 (4th Cir. 2018), *cert. denied*, No. 18-6948, 2019 WL 113515 (U.S. Jan. 7, 2019).

We have reviewed the record and conclude that the district court did not err or abuse its discretion in revoking Griffin's supervised release and imposing a prison sentence of 12 months. Griffin admitted the violations, and the court properly found he violated his supervised release conditions by a preponderance of the evidence and that his possession of Methamphetamine was a Grade B violation. With his criminal history category VI, his policy statement range was 21 to 27 months; but since his original offense was a Class C felony, his statutory maximum was 24 months.* *See* 18 U.S.C. § 3583(e)(3) (2012). He was sentenced well below his recommended range, and he fails to show any error by the court or rebut the presumption that his sentence is reasonable.

In accordance with *Anders*, we have reviewed the record and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his or her client, in writing, of his or her right to

---

* We note the district court was *not* required to give Griffin credit for the time he served in prison on his first revocation of supervised release or for any post-release supervision. *See* 18 U.S.C. § 3583(e)(3); *United States v. Harris*, 878 F.3d 111, 118-20 (4th Cir. 2017), *cert. denied*, 139 S. Ct. 59 (2018).

petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*